**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

**In re:**

                                                 Case No: 6:17-bk-02004-RAC

**Ronald Earl Scherer, Sr.,**                    Chapter 11

        **Debtor.**
_____/

**RONALD EARL SCHERER, SR.,**            Adv. No.

        **Plaintiff,**

**vs.**

**UNITED STATES OF AMERICA,**
**DEPARTMENT OF THE TREASURY,**
**INTERNAL REVENUE SERVICE,**

        **Defendant.**
_____/

**COMPLAINT TO DETERMINE DISCHARGEABLITY**
**OF INCOME TAX INDEBTEDNESS (11 USC §523(a)(1) and §507(a)(8))**

Plaintiff, Ronald Earl Scherer, Sr., ("Plaintiff") files this action against United States of America, Department of the Treasury, Internal Revenue Service ("Defendant") to determine the dischargeability and corresponding tax liability of an indebtedness for an unpaid tax as defined under Sections 523(a)(1) and 507(a)(8), and states:

**JURISDICTION AND VENUE**

1.    This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Sections 523(a)(1) and 507(a)(8) of the United States Bankruptcy Code

to determine and to declare the dischargeability of unpaid income taxes.

2. This Court has jurisdiction in this proceeding pursuant to 28 U.S.C. §§151 and 157.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. This District is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

5. Plaintiff is the Debtor in the Chapter 11 action, filed March 29, 2017.

## **DISCHARGE OF TAX DEBT**

6. Plaintiff realleges paragraphs 1 through 5.

7. The United States District Court for the Southern District of Ohio has entered an Order on or about July 26, 2017, holding that Plaintiff owes income taxes for the years 1990, 1991 and 1992, in the amount of at least $5,429,482.54.

8. The income taxes are for taxes that are not priorities as defined within Sections 507(a)(3) or 507(a)(8)(A), and more specifically:

A. the taxes (Form 1040) are measured by income or gross receipts;

B. the taxes are for the period ending December 31, 1990, December 31, 1991, and December 31, 1992. The returns for these periods were last due more than three (3) years before the date of the filing of the petition;

C. the taxes were assessed more than two hundred forty (240) days before the date of the filing of the petition;

D. there have been no periods during the two hundred forty (240) days plus thirty (30) days in which an offer in compromise was pending or during the two hundred forty (240) days plus ninety (90) days in which a stay of proceeding against collections was in effect in a prior

bankruptcy;

  E. the returns for each of the tax years were filed by the taxpayer Plaintiff two (2) or more years before the date of the filing of the petition; and

  F. the taxes were not assessed with respect to any return for which the Plaintiff made a fraudulent return or willfully attempted in any manner to evade or defeat such taxes.

9. The taxes assessed for years 1990, 1991 and 1992 are not within the definitions of any tax defined as a priority under Section 507, and they are not otherwise within the additional exceptions to discharge under Section 523(a)(1)(B) or (C). Not being within the exceptions to discharge under Section 523, they are dischargeable under the provisions of the United States Bankruptcy Code.

Wherefore, Plaintiff seeks a judgment declaring the income taxes assessed by the Department of Treasury against Plaintiff for the tax years ending in 1990, 1991, and 1992, are dischargeable, and are in fact discharged by any discharge granted to Plaintiff in his pending bankruptcy proceeding.

*/s/James H. Monroe*
James H. Monroe
Florida Bar No.: 311995
James H. Monroe, P.A.
Post Office Box 540163
Orlando, Florida 32854
(407) 872-7447
Fax. No.: (407) 872-7491
Email:jamesmonreo@jamesmonroepa.com
Attorney for Plaintiff